**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:13-cv-00340-MR
[Criminal Case No. 1:09-cr-00017-GCM-DLH-1]**

| | |
|---|---|
| ALBERT C. BURGESS, JR.,  )<br>  )<br> Petitioner,  )<br>  )<br>vs.  )<br>  )<br>ATTORNEY GENERAL  )<br>OF THE UNITED STATES,  )<br>  )<br> Respondent.  )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on a review of Petitioner Albert C. Burgess, Jr.'s Petition, as amended filed pursuant to the All Writs Act, 28 U.S.C. § 1651. [Docs. 1, 2]. For the reasons that follow, the § 1651 petition will be denied.

In 2009, Petitioner was charged with one count of possession of materials involving the exploitation of minors (Count One), and one count of knowingly receiving visual depictions of minors by computer which involved sexually explicit conduct (Count Two), all in violation of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. §§ 2252(a)(2). [Criminal Case No. 1:09-cr-000017-GCM, Doc. 1: Indictment]. Petitioner was found guilty of these offenses following a jury trial, with the Honorable Graham C. Mullen, United

States District Judge, presiding. Petitioner was sentenced to a term of 240 months imprisonment on Count One and a term of 292 months imprisonment on Count Two with both counts to run concurrently. [Id., Doc. 185: Judgment in a Criminal Case]. On July 11, 2012, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions and all aspects of his sentences, but remanded for reconsideration of the restitution award. See United States v. Burgess, 684 F.3d 445 (4th Cir.), cert. denied, 133 S.Ct. 490 (2012).

On November 15, 2012, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Government has filed an answer and a motion for summary judgment contending that Petitioner has failed to present any meritorious claims for relief. Petitioner has filed a response to the motion for summary judgment and the disposition of that case is presently pending before Judge Mullen. [See Civil Case No. 1:12-cv-00375-GCM].

Petitioner filed the present § 1651 motion on December 26, 2013, and therein contends that this proceeding represents the only legal means by which he may challenge his "illegal incarceration." [Doc. 1 at 1]. The Court disagrees.

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." Id. § 2255(e).

Under the All Writs Act, as codified in § 1651(a), federal courts are empowered to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Petitioners, however, are precluded from proceeding under § 1651 when their claims are cognizable under § 2255. See Ortiz v. United States, __ F. App'x __, 2014 WL 660662 (4th Cir. 2014) (unpublished) (citing United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011); United States v. Gamboa, 608 F.3d 492, 494-95 (9th Cir. 2010)). Section 1651 "is a residual source of authority to issue writs that are not otherwise covered by statute," and,

3

"[w]here a statute specifically addresses [a] particular issue . . ., it is that authority, and not the All Writs Act, that is controlling." Ortiz, 2014 WL 660662, at *1 (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotation marks omitted).

Petitioner's challenges to the legality of his criminal judgment and present confinement are precisely the claims which must be pursued under the provisions of Section 2255 and as the Court noted, Petitioner's challenge to his criminal judgment under § 2255 is pending before the sentencing court. Accordingly, for the foregoing reasons the Court finds that Petitioner's § 1651 petition should be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's petition for relief under 28 U.S.C. § 1651, as amended [Docs. 1, 2] is **DENIED**.

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 14, 2014

Martin Reidinger
United States District Judge